THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| BIG ROCK SPORTS, LLC,<br>A Delaware Corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>ACUSPORT CORPORATION,<br>an Ohio Corporation,<br><br>　　　　　　　　　　Defendant. | Case No.: 4:08-CV-159 |

## COMPLAINT

Plaintiff, Big Rock Sports, LLC ("Big Rock"), for its Complaint against Defendant AcuSport Corporation ("AcuSport"), states as follows:

## INTRODUCTION

1. This action arises out of AcuSport's vast and long-running scheme to misappropriate Big Rock's highly confidential business information with the purpose and effect of obtaining an unfair competitive advantage over Big Rock in the market for firearms and related outdoor products. In furtherance of its own private commercial gain, AcuSport engaged in the systematic and unauthorized access of Big Rock's secure customer and vendor website to obtain and use the competitively sensitive information contained therein to affect the prices and terms of its dealings with Big Rock's customers and vendors and to engage in other unlawful practices designed to suppress and eliminate competition.

2. Big Rock brings this action for damages, an accounting, and injunctive relief against AcuSport for violations of the Computer Fraud and Abuse Act (18 U.S.C. § 1030 *et*

*seq.*), computer trespass under North Carolina General Statute §14-458, common law unfair competition, tortious interference, misappropriation of trade secrets under North Carolina General Statute § 166-152 *et seq.*, and unfair and deceptive trade practices under North Carolina General Statute § 75-1.1, *et seq.*

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States, including without limitation the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* This Court also has original jurisdiction under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000. This Court has jurisdiction over Big Rock's state law claims pursuant to the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2).

4. Big Rock and AcuSport are engaged in interstate commerce. The business and acts of AcuSport are conducted in, and affect, a substantial amount of interstate trade and commerce. AcuSport is doing business in and has caused tortious injury in the State of North Carolina. All causes of action complained of herein arose in the State of North Carolina. AcuSport's contacts with this forum have been and are intentional, systematic, and continuous such that this Court has jurisdiction over AcuSport pursuant to North Carolina General Statute § 1-75.4.

## PARTIES

5. Big Rock is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Newport, North Carolina.

6. AcuSport is a corporation organized and existing under the laws of Ohio, with its

2

principal place of business in Bellefontaine, Ohio.

## GENERAL FACTUAL ALLEGATIONS

7. Big Rock is a well known and leading distributor of fishing, boating, marine, hunting, shooting, sports, and camping supplies in the United States.

8. AcuSport is a distributor of firearms and related outdoor products, and is in direct competition with Big Rock.

9. The acts complained of herein were committed by AcuSport through use of the Internet. The Internet is a complex communications network that links private and public computer networks, systems and individuals. It consists of computers and computer databases connected primarily through telephone lines, fiber optic cables and high speed dedicated leased lines. The Internet is an "information super highway" that in many ways resembles our highway transportation system. The telephone and fiber optic lines are similar to highways over which goods are transferred from one location to another and the computer domain sites such as those operated by Big Rock are similar to privately owned warehouses in which goods are stored and from which they are disseminated to various destinations.

10. Like many national distributors, Big Rock maintains a secure website on the Internet ("Big Rock's website") that provides its customers and vendors access to billing statements, inventory records, pricing information, orders, accounts receivable, payment history, invoices, and other information relating to their accounts. Big Rock's website requires customers or vendors to enter a username and password provided by Big Rock in order to gain access to the website and the highly confidential and competitively sensitive information contained within it. The ability of Big Rock's vendors and customers to interface with Big Rock

online plays an integral part in Big Rock's distribution business and allows the company to provide reliable, timely, and extensive sales and service to its industry partners on a nationwide basis.

11. Big Rock has invested substantial sums of money in developing its website and data system. Big Rock's website is operated through dedicated computers known as "servers" and can be accessed remotely via the Internet by its vendors and customers using their usernames and passwords. All traffic for the website is routed through, and the data is stored on, local servers in Durham, North Carolina.

12. Beginning on or about December 2005 and continuing through at least March 7, 2008, AcuSport has repeatedly and systematically accessed Big Rock's website from one or more AcuSport IP addresses, logged into the website under multiple customer access accounts, and obtained a variety of highly confidential and competitively sensitive information. For example, AcuSport has run over 3,000 inventory searches on the Big Rock system and has accessed Big Rock's real-time inventory and customer information, including pricing, quantities of products in inventory available for sale, and specific customer payment terms, freight terms, and pending and historic order and purchase information. Such searches would allow AcuSport to obtain, among other things, exceedingly valuable, competitively sensitive, and highly confidential information belonging to Big Rock.

13. Big Rock has never authorized AcuSport to access Big Rock's website or to engage in any of the other conduct alleged in this Complaint.

# FIRST CAUSE OF ACTION
## Computer Fraud and Abuse Act
## 18 U.S.C. § 1030 *et seq.*

14. Big Rock reasserts and realleges the facts and averments set forth in Paragraphs 1 through 13 of this Complaint.

15. Big Rock maintains one or more computers and computer networks through which services are provided to its customers and vendors ("Big Rock's computers"). Big Rock's computers are used in interstate commerce or communication and are therefore "protected computers" under 18 U.S.C. § 1030.

16. AcuSport intentionally and with intent to defraud accessed Big Rock's computers, and by the means of such conduct and in furtherance of the intended fraud, obtained valuable and highly confidential business information belonging to Big Rock. AcuSport intentionally and with intent to defraud, and in a manner that affected interstate commerce, also trafficked in passwords through which Big Rock's computers could be accessed without authorization. AcuSport's conduct, which involved an interstate communication, was in no way authorized by Big Rock.

17. As a result of such conduct, AcuSport caused an economic loss to Big Rock in excess of $5,000 in value during any one year period as provided in 18 U.S.C. § 1030(a)(5)(B)(1).

18. AcuSport has violated 18 U.S.C. § 1030(a)(2)(C), (a)(4), and (a)(6).

19. Big Rock is entitled to damages and injunctive relief by reason of AcuSport's violation of 18 U.S.C. § 1030.

## SECOND CAUSE OF ACTION
## Computer Trespass
## N.C.G.S. §14-458

20. Big Rock reasserts and realleges the facts and averments set forth in Paragraphs 1 through 19 of this Complaint.

21. AcuSport intentionally accessed Big Rock's computers without authorization, or, alternatively, in a manner that exceeded authorized access, and made or caused to be made an unauthorized copy of computer data residing in Big Rock's computer network.

22. As a proximate result of AcuSport's conduct, Big Rock has been damaged in an amount to be determined and proven at trial.

## THIRD CAUSE OF ACTION
## North Carolina Unfair and Deceptive Trade Practices
## N.C.G.S. § 75-1.1 *et seq.*

23. Big Rock reasserts and realleges the facts and averments set forth in Paragraphs 1 through 22 of this Complaint.

24. AcuSport's conduct alleged herein constitutes unfair or deceptive acts and practices that occurred in the course of, and that affected, commerce in North Carolina and elsewhere in the United States and has proximately injured Big Rock in violation of North Carolina General Statute § 75-1.1 *et seq.*

25. AcuSport's conduct alleged herein has been willful.

26. Big Rock has been injured in its business and property by AcuSport's conduct as alleged herein, entitling Big Rock to damages, an accounting, treble damages, and attorney's fees pursuant to North Carolina General Statute §§ 75-16 and 75-16.1.

6

## FOURTH CAUSE OF ACTION
### Common Law Unfair Competition

27. Big Rock reasserts and realleges the facts and averments set forth in Paragraphs 1 through 26 of this Complaint.

28. AcuSport's conduct alleged herein constitutes unfair competition with Big Rock in violation of Big Rock's rights at common law.

29. As a proximate result of AcuSport's conduct, Big Rock has been damaged in an amount to be determined and proven at trial.

## FIFTH CAUSE OF ACTION
### Misappropriation of Trade Secrets
### N.C.G.S. § 166-152 *et seq.*

30. Big Rock reasserts and realleges the facts and averments set forth in Paragraphs 1 through 29 of this Complaint.

31. Big Rock's website contains a compilation of confidential business information, including, but not limited to, information relating to inventory levels, pricing, and customer details ("Big Rock's confidential information") that (i) derives independent actual or potential value from not being generally known or readily ascertainable through independent development or reverse engineering by persons who can obtain economic value from its disclosure or use and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

32. Big Rock's confidential information constitute trade secrets pursuant to North Carolina General Statute § 66-152.

33. AcuSport was willfully and maliciously misappropriated Big Rock's trade secrets in violation of North Carolina General Statute § 166-152 *et seq.* and the common law by obtaining commercially sensitive information from its unauthorized access of Big Rock's

7

website for the purposes of commercial advantage and private commercial gain. To the extent AcuSport is using Big Rock's trade secrets in other ways, currently unknown but unauthorized by Big Rock, those uses also constitute misappropriation.

34. As a proximate result of AcuSport's conduct, Big Rock has been and will continue to be damaged and irreparably harmed.

## SIXTH CAUSE OF ACTION
### Wrongful Interference with Prospective Contract Right

35. Big Rock reasserts and realleges the facts and averments set forth in Paragraphs 1 through 34 of this Complaint.

36. Big Rock has a prospective business relationship with one or more existing or potential customers, and but for AcuSport's conduct, Big Rock would have entered into business relationships with these customers.

37. Big Rock is informed and believes and thereon alleges, that AcuSport had knowledge of the facts giving rise to Big Rock's prospective entry into business relationships with one or more customers.

38. Big Rock is informed and believes and thereon alleges, that AcuSport intentionally and maliciously induced one or more customers not to enter into the prospective business relationship with Big Rock.

39. As a proximate result of AcuSport's conduct, Big Rock has been damaged in an amount to be determined and proven at trial.

8

## SEVENTH CAUSE OF ACTION
### Constructive Trust

40. Big Rock reasserts and realleges the facts and averments set forth in Paragraphs 1 through 39 of this Complaint.

41. Big Rock's computer network contains a compilation of confidential business information, including, but not limited to, information relating to inventory levels, pricing, and customer details ("Big Rock's confidential information") that Big Rock has contributed to the creation and value thereof.

42. AcuSport came into possession or control of Big Rock's confidential information as the result of its unlawful and unauthorized access of Big Rock's website.

43. AcuSport's conduct has deprived Big Rock of a beneficial interest in the confidential information to which Big Rock is entitled and has unjustly enriched AcuSport. By reason of AcuSport's conduct, it would be inequitable and unjust to allow AcuSport to profit from its wrongful acts.

44. Big Rock is entitled to have a constructive trust impressed upon any proceeds or profits resulting from AcuSport's wrongful appropriation of Big Rock's confidential business information.

### PRAYER FOR RELIEF:

WHEREFORE, Big Rock prays for judgment as follows:

1. That AcuSport, its officers, agents, co-conspirators, servants, affiliates, employees, parent and subsidiary corporations, attorneys and representatives, and all those in privity or acting in concert or participation with AcuSport, be preliminarily and permanently enjoined from accessing Big Rock's secure website and computer facilities without the prior

written invitation or permission of Big Rock.

2. That Big Rock be awarded all damages it has sustained by reason of AcuSport's wrongful acts, and that such damages be trebled to the extent allowed by law, including, without limitation, trebling pursuant to North Carolina General Statute § 75-16.

3. That Big Rock be awarded all punitive damages for the willful conduct of AcuSport.

4. That an accounting be ordered and Big Rock be awarded all gains, profits and advantages derived by AcuSport from their wrongful acts, and that the amount of any accounting be trebled to the extent allowed by law.

5. That AcuSport be required to pay Big Rock all its litigation expenses, including reasonable attorney's fees and the costs pursuant to North Carolina General Statute § 75-16.1.

6. That the Court grant Big Rock any other such relief as it deems just and proper.

Dated: This the 10th day of September, 2008.

> By: /S/ Douglas W. Kenyon
> Douglas W. Kenyon
> N.C. Bar No. 13242
> Sean M. Braswell
> N.C. Bar No. 36646
>
> **HUNTON & WILLIAMS LLP**
> 421 Fayetteville Street Mall, Suite 1400
> Raleigh, North Carolina 27601
> (919) 899-3000
> (919) 833-6352 ~ fax
>
> *Counsel for Plaintiff Big Rock Sports, LLC*