UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO.: 4:08-CV-159

BIG ROCK SPORTS, LLC, )
A Delaware Corporation, )
                                                )
       Plaintiff, )        PLAINTIFF BIG ROCK SPORTS, LLC'S
                                                )        MEMORANDUM OF LAW IN
vs. )        OPPOSITION TO DEFENDANT
                                                )        ACUSPORT CORPORATION'S
ACUSPORT CORPORATION, )        MOTION FOR STAY OF PROCEEDINGS
An Ohio Corporation, )
                                                )
       Defendant. )

Douglas W. Kenyon
N.C. Bar No. 13242
Sean M. Braswell
N.C. Bar No. 36646

HUNTON & WILLIAMS LLP
421 Fayetteville Street Mall, Suite 1400
Raleigh, North Carolina 27601
(919) 899-3000
(919) 833-6352 ~ fax

*Counsel for Plaintiff Big Rock Sports, LLC*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................. 1

FACTUAL BACKGROUND ..................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

    I.   AcuSport Has Not Shown Why this Court Should Stay Discovery ................................. 2

    II.  AcuSport Has Not Shown Why this Case Should be Stayed Pending an
        Interlocutory Appeal ......................................................................................................... 6

    III. This Court Should Grant Big Rock's Motion for a Rule 16 Conference ........................... 7

CONCLUSION ........................................................................................................................... 8

CERTIFICATE OF SERVICE ................................................................................................... 9

## PRELIMINARY STATEMENT

A stay of discovery in this case is entirely inappropriate. Defendant AcuSport Corporation's ("AcuSport's") motion to dismiss cannot possibly dispose of this entire case and a delay in discovery would only waste precious judicial resources and needlessly increase the time and expense of litigating this case. This Court should deny AcuSport's attempts to delay this proceeding further and should instead schedule a Rule 16 conference to discuss moving this case forward as expeditiously as possible.

## FACTUAL BACKGROUND

Big Rock filed its Complaint in this action on September 10, 2008. [DE-1.] Shortly thereafter, the parties engaged in unsuccessful settlement negotiations. Big Rock filed its First Amended Complaint on November 26, 2008. [DE-4.] In January 2009, AcuSport moved to dismiss this complaint pursuant to Rule 12(b)(6). [DE-12.]

This Court granted in part and denied in part AcuSport's first Motion to Dismiss on April 30, 2010. [DE-27.] In particular, the Court found that Big Rock had stated state law claims under North Carolina law and that Big Rock's declaratory judgment claim was proper. Big Rock filed its Second Amended Complaint on May 4, 2010. [DE-28.]

On June 1, 2010, AcuSport filed a second Motion to Dismiss Big Rock's declaratory judgment claim, this time pursuant to Rule 12(b)(1). [DE-33.] It concurrently filed a Motion to Certify to the Fourth Circuit the choice of law questions related to Big Rock's state law claims. [DE-31.] It also moved to stay the proceedings. [DE-31.] These motions have now been fully briefed. [DE-36, 37, 46, 47.]

On June 1, 2010, this Court issued an Order for Discovery Plan mandating that the parties conduct a Rule 26(f) conference by July 1, 2010 and submit a discovery plan to the Court within

fourteen (14) days after the Rule 26(f) conference. [DE-35.] Big Rock's counsel has repeatedly requested that AcuSport's counsel agree to a Rule 26(f) conference, but as of the date of this filing, AcuSport's counsel has refused to meet. (Declaration of Douglas Kenyon dated July 1, 2010 ¶ 2,3, filed in support of Big Rock's Memorandum in Opposition to AcuSport's Motion for Modification of Discovery Sequence) AcuSport's counsel has taken the position that its pending motions to stay excuse it from its obligation to meet under this Court's June 1, 2010 Order and Rule 26. (*Id.* ¶ 3.) To comply with this Court's ruling and in an effort to move this case forward, Big Rock has submitted an individual Rule 26(f) report today.

On June 9, 2010, Big Rock filed a Motion for a Rule 16 conference seeking the Court's guidance in moving this case towards disposition as expeditiously as possible. [DE-38.] On June 14, 2010, AcuSport filed a *Second* Motion to Stay Proceedings and an Opposition to Big Rock's Motion for a Rule 16 Conference. [DE-43.] It also filed a Motion for Modification of the Discovery Sequence. [DE-41.]

## ARGUMENT

### I. AcuSport Has Not Shown Why this Court Should Stay Discovery

AcuSport has not carried its burden to show why this Court should stay discovery pending a decision on its motion to dismiss. Just like AcuSport's pending motion to "sequence discovery," its instant motion to stay discovery is tantamount to a motion for a protective order. *Kron Med. Corp. v. Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). As such, AcuSport has the burden to show good cause and reasonableness for an order staying discovery. *Id.* AcuSport must come forward "with a *specific* factual showing that the interests of justice and considerations of prejudice and undue burden to the parties require a protective order." *Id.* at 638. It must also show that the benefits of the stay outweigh the costs of delay. *Id.*

2

While a court has inherent power to stay discovery, stays of discovery are "not favored." *Id.* Staying discovery is not favored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). As the *Kron* court explained:

> Disruption or prolongation of the discovery schedule is normally in no one's interest. A stay of discovery duplicates costs because counsel must reacquaint themselves with the case once the stay is lifted. Matters of importance may be mislaid or avenues unexplored. A case becomes more of a management problem to the Court when it leaves the normal trial track. While time may heal some disputes, in others it merely permits more opportunity for festering.

119 F.R.D. at 638.

As a result of these considerations, a request to stay discovery "pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Simpson*, 121 F.R.D. at 263. The cases that AcuSport cites to support its motion to stay are entirely distinguishable on this ground—for they each involved motions that were dispositive of the litigation *as a whole*. *See, e.g., Chaundhry v. Mobil Oil Corp.*, 186 F.3d 502, 504 (4th Cir. 1999) (dismissal of entire complaint); *Patterson v. United States Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990) (same); *Merrill Lynch, Pierce, Fenner & Smith v. Coors*, 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (finding that pending motion may dispose of entire action); *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003) (same); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 3 (D.D.C. 2001) (finding that pending motion would be "thoroughly dispositive" of entire case).[1]

---

[1] AcuSport also cites to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997). However, in that case the district court failed to rule on a pending motion to dismiss prior to

3

AcuSport has not shown good cause for issuing a stay of discovery or that a stay would be reasonable. First, AcuSport's pending motion would not dispose of this litigation as a whole because it is only directed at one of Big Rock's seven claims against it. Thus, even if this Court dismissed Big Rock's declaratory judgment claim, discovery on six other claims must still take place. AcuSport recognizes this reality in its motion to "sequence discovery" stating "the case management relief sought in the present motion will be appropriate no matter when substantive discovery in this case is ripe." (Def.'s Mem. in Supp. of Mot. for Modification of Discovery Sequence at 1 [DE-42].) To delay discovery while this Court considers a motion by AcuSport to dismiss one claim would only create more case management problems because the parties and the Court would have to reacquaint themselves with this case once the discovery stay is lifted.

Second, AcuSport has not shown that there is "an immediate and clear possibility" that its motion to dismiss will be granted. In considering motions to stay, courts often take a "preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Simpson*, 121 F.RD. at 263. As Big Rock argued in its Opposition to AcuSport's motion to dismiss, AcuSport has not even begun to show why this Court should abstain from exercising its rightful jurisdiction when there is no parallel state court proceeding.[2] (Pl.'s Opp'n to Mot. to Dismiss Pursuant to Rule 12(b)(1) at 6-7 [DE-36].) Moreover, this Court already ruled once that Big Rock's declaratory

---

issuing an order compelling discovery. *Id.* at 1367. The appellate court found this to be an abuse of discretion. *Id.*

[2] AcuSport wrongly argues in its reply to Big Rock's Opposition to the motion to dismiss that there is no requirement for a parallel state court proceeding before a court may abstain from exercising its jurisdiction. There most certainly is such a requirement. *See Great American Ins. Co., v. Gross*, 468 F.3d 199, 207 (4th Cir. 2006) (stating "threshold question" in abstention analysis is whether parallel federal and state suits exist).

4

judgment claim could stand and nothing has changed since that ruling.[3] AcuSport has made no showing that there is an "immediate and clear possibility" that the Court will change its mind and dismiss Big Rock's declaratory judgment claim.

Third, AcuSport's bald assertion that discovery on Big Rock's declaratory judgment claim would be burdensome is insufficient to justify staying discovery. *See Cont'l Ill. Nat'l Bank & Trust Co., v. Caton*, 130 F.R.D. 145, 148 (D. Kan. 1990) ("[B]are assertions that discovery will be unduly burdensome or that it should be stayed pending dispositive motions that will probably be sustained, are insufficient to justify an entry of an order staying discovery generally."). All discovery in this age of litigation is burdensome to some degree. AcuSport's assertion of burden is particularly suspect when it is currently engaged in discovery on some of the issues pertinent to Big Rock's declaratory judgment claim in its lawsuit pending in California state court. Finally, AcuSport does not address the prejudice to Big Rock if discovery is stayed. Big Rock filed this lawsuit nearly two years ago as a result of AcuSport's unlawful actions in accessing Big Rock's computer system and stealing valuable trade secret information. Big Rock is entitled to have this case move forward as expeditiously as possible and is entitled to be able to discover information as to how AcuSport may be using its valuable trade secret information. Without such discovery, Big Rock will be even further harmed by AcuSport's actions.

---

[3] AcuSport suggests that the Court merely invited it to inform the Court as to whether there was a pending parallel action in the Court's Order denying AcuSport's first motion to dismiss. (*See* Order dated April 30, 2010 at 31 n.5 [DE-27] ("In the event that AcuSport *does* file a separate legal action, the court would entertain another motion to dismiss by AcuSport.").) This argument ignores the fact that Big Rock had already informed the Court that AcuSport had filed suit against two of Big Rock's employees in California in its briefing opposing the motion to dismiss. (*See* Pl.'s Opp'n to Mot. to Dismiss Pursuant to Rule 12(b)(6) [DE-17] ("While AcuSport subsequently sued two of its former employees, who now work for Big Rock, in California state court, it did not sue Big Rock.").)

5

## II. AcuSport Has Not Shown Why this Case Should be Stayed Pending an Interlocutory Appeal

This Court should also not stay this case pending appeal. As an initial matter, AcuSport has not met any of the requirements to certify an interlocutory order. It has not shown how a reversal of this Court's order applying North Carolina law to Big Rock's state law claims would dispose of this litigation—which, despite AcuSport's protests to the contrary—*is* the test that district courts in this jurisdiction apply for determining whether a controlling question of law exists. *See Pharmanetics, Inc. v. Aventis Pharms., Inc.*, No. 5:03-cv-817, 2005 WL 6000369 at *7 (E.D.N.C. 2005) (finding no controlling question of law because appeal would not resolve all claims) (see Appendix to Pl.'s Opp'n to Mot. to Certify Questions and to Stay Proceedings [DE-37]); *North Carolina ex rel. Howes v. Peele*, 889 F. Supp. 849, 854 (E.D.N.C. 1995) (denying interlocutory appeal because question of liability would still be litigated in district court regardless of appeal).

Second, AcuSport has not shown that this Court's choice of law decision is one for which there is *substantial* ground for disagreement. Rather, the Court applied settled North Carolina law with regard to the computer trespass claim and made a prediction as to how North Carolina courts would rule with regard to the misappropriation of trade secrets claim. As for the statutory unfair and deceptive trade practices claim, the United States Court of Appeals for the Fourth Circuit has already ruled that the most significant relationship test should apply to these sorts of claims. Finally, because Big Rock's state law claims revolve around the same nucleus of operative fact as its claim for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, an appeal will not materially advance this litigation because discovery will still

take place on the issues implicated by these claims regardless of an appeal. Thus, there is little likelihood that AcuSport will succeed in even being able to appeal the choice of law questions.

AcuSport has also not shown how it will suffer a "clear case of hardship" if a stay is not granted. *Scinto v. Preston*, No. 4:03-cv-178, 2007 WL 1847289, at *2 (E.D.N.C. June 25, 2007) (see Appendix to Pl.'s Opp'n to Mot. to Certify Questions and to Stay Proceedings [DE-37].) While AcuSport tries to reverse the burden and argues that it is Big Rock that must show how it will be harmed if the appeal goes forward, this is not the state of the law. (Def.'s Reply to Pl.'s Opp'n to Mot. to Certify Questions and to Stay Proceedings at 8 [DE-46].) Rather, it is AcuSport that must show harm—not just theoretical harm—but a "clear case of hardship." The only supposed "harm" AcuSport has identified is that the parties will engage in needless fact discovery on state law claims that may ultimately be decided as insufficient as a matter of law. (*Id.*) This is simply not true. No matter how any appeal would turn out, Big Rock has still asserted a federal claim for violation of the CFFA and the same nucleus of facts underlie both Big Rock's CFFA claim and its state law claims. Discovery concerning the facts surrounding AcuSport's unlawful accessing of Big Rock's computer system to gain confidential information cannot be avoided by an appeal. Even if the scope of discovery were greater for Big Rock's state law claims, that would not justify a stay of these proceedings. The Court should deny the stay.

## III. This Court Should Grant Big Rock's Motion for a Rule 16 Conference

Big Rock has also requested a Rule 16 status conference with the Court to address the issues surrounding the pending motions. Ironically, AcuSport has opposed this motion, preferring, instead, to ask this Court via an improper motion to "sequence discovery" to protect it from discovery that has not even been served. It filed its motion to "sequence discovery" at the same time as it refused to meet with Big Rock's counsel to discuss the very issues that would

7

have made its motion moot. AcuSport's continued and successive motions to dismiss and motions to stay as well as its refusal to hold a Rule 26(f) conference underscore the importance of involving this Court in guiding the parties towards moving this case forward. Big Rock respectfully requests that the Court grant its motion for a Rule 16 conference and schedule a conference at the Court's earliest convenience.

## CONCLUSION

AcuSport has not given this Court any persuasive reason to either stay discovery pending the resolution of its motion to dismiss or to stay the proceedings as a whole pending appeal. Stays are disfavored because they disrupt and delay the normal course of litigation. This Court should deny AcuSport's motion to stay.

Respectfully submitted this 1st day of July, 2010.

> By: /s/Douglas W. Kenyon
> Douglas W. Kenyon
> N.C. Bar No. 13242
> Sean M. Braswell
> N.C. Bar No. 36646
>
> HUNTON & WILLIAMS LLP
> 421 Fayetteville Street Mall, Suite 1400
> Raleigh, North Carolina 27601
> (919) 899-3000
> (919) 833-6352 ~ fax
>
> *Counsel for Plaintiff Big Rock Sports, LLC*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ACUSPORT'S MOTION FOR STAY OF PROCEEDINGS** was electronically filed today with the Clerk of Court using the Court's CM/ECF system and has been served upon each of the parties to this action via electronic notification through the CM/ECF system:

>Benjamin F. Sidbury (ben.sidbury@alston.com)
>Alston & Bird, LLP
>Bank of America Plaza
>Suite 4000
>101 South Tryon Street
>Charlotte, NC 28280-4000

and via electronic mail, addressed as follows:

>Benjamin F. Sidbury (ben.sidbury@alston.com)
>Michael S. Connor (michael.connor@alston.com)
>Miranda M. Sooter (miranda.sooter@alston.com)
>Alston & Bird, LLP
>Bank of America Plaza
>Suite 4000
>101 South Tryon Street
>Charlotte, NC 28280-4000
>
>Chris Chiafullo (cchiafullo@chiafullogroup.com)
>The Chiafullo Group, LLP
>382 Belleville Ave., Second Floor
>Belleville, NJ 07109
>
>Thomas F. Zych (tom.zych@thompsonhine.com)
>Jennifer S. Roach (jennifer.roach@thompsonhine.com)
>Thompson Hine LLP
>3900 Key Center 127 Public Square
>Cleveland, OH 44114-1291

>/s/ Douglas W. Kenyon
>**HUNTON & WILLIAMS LLP**
>421 Fayetteville Street Mall, Suite 1400
>Raleigh, North Carolina 27601
>(919) 899-3000
>(919) 833-6352 ~ fax
>
>*Counsel for Plaintiff Big Rock Sports, LLC*

9