UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:08-CV-159-F

| | | |
|---|---|---|
| BIG ROCK SPORTS, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| ACUSPORT CORPORATION, | ) | |
|     Defendant. | ) | |

This matter is before the court on the Motion to Certify Choice of Law Questions to the Fourth Circuit and Stay Proceedings [DE-31], Motion to Dismiss and to Strike Count Seven [DE-33], Motion for Modification of Discovery Sequence [DE-41], Motion for Stay of Proceedings [DE-43], and Motion for Leave to File Instanter Reply Memoranda [DE-52] filed by Defendant AcuSport Corporation ("AcuSport"). Also before the court is the Motion for a Rule 16 Conference [DE-38] filed by Plaintiff Big Rock Sports, LLC ("Big Rock"). All motions have been fully briefed and are ripe for disposition.

## I. PROCEDURAL HISTORY

Big Rock initiated this action by filing a complaint [DE-1] in this court on September 10, 2008, seeking damages, an accounting, and injunctive relief against AcuSport for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.* ("CFAA"), computer trespass under N.C. Gen. Stat. § 14-458, common law unfair competition, tortious interference, misappropriation of trade secrets under N.C. Gen. Stat. § 166-152 *et seq.*, and unfair and deceptive trade practices under N.C.

Gen. Stat. § 75-1.1 *et seq.*(UDTPA). On November 26, 2008, Big Rock filed an Amended Complaint [DE-4], which included an additional claim for declaratory judgment.

On January 2, 2009, AcuSport filed the Motion to Dismiss [DE-12], arguing, *inter alia*, that (1) Big Rock failed to allege that it suffered damage or loss within the meaning of the CFAA, (2) under North Carolina choice-of-law principles, Ohio law governs the remaining statutory and tort claims, and Big Rock failed to state any claims for relief under Ohio law, and (3) that the court should decline jurisdiction of the declaratory judgment claim. Big Rock, on January 26, 2009, filed both its Response [DE-17] in opposition to AcuSport's motion, and also the Motion for Leave to File the Second Amended Complaint [DE-15].

Two days after the motions had been submitted to the undersigned for ruling, the parties contacted chambers to advise that they were actively attempting to engage in mediation. Accordingly, the court directed the parties to advise the court on or before May 1, 2009, of the status of their mediation efforts. March 12, 2009 Order [DE-21]. After receiving an extension of time to further their mediation efforts, the parties reported they reached an impasse. Joint Status Report [DE-24].

In an Order [DE-27] filed on May 3, 2010, the court noted that AcuSport incorporated much of its argument supporting its motion to dismiss in its opposition to Big Rock's motion for leave to file the second amended complaint, and the court accordingly considered the latter motion first. The court ordered that the motion for leave to file the second amended complaint was allowed in part. Specifically, the court found that Big Rock stated a claim under the CFAA and a claim for declaratory judgment. The court also found that North Carolina law should apply to Big Rock's state law claims and that Big Rock had stated claims for computer trespass, violations of UDTPA,

common law unfair competition, misappropriation of trade secrets, and unjust enrichment. The court denied AcuSport's motio to dismiss as moot.

Since the entry of the court's May 3, 2010, Order, the parties have filed the above-referenced motions, all of which are ripe for ruling.

## II. MOTION TO CERTIFY CHOICE OF LAW QUESTIONS TO THE FOURTH CIRCUIT AND STAY PROCEEDINGS

AcuSport moves this court to certify the question of which state's law should apply to the claims alleged in Counts II, III, IV, V, and VI to the Fourth Circuit Court of Appeals for an immediate interlocutory appeal.

Title 28, United States Code Section 1292(b) provides, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

Accordingly, under the plain language of the statute, a district court must consider three factors in ruling on a motion to certify an order for interlocutory appeal: (1) whether the order involves a "controlling question of law," (2) whether there is "substantial ground for difference of opinion" with respect to the applicable legal principles; and (3) whether an immediate appeal might "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583, at *2 (4th Cir. Apr. 26, 1989)(per curiam)(unpublished).

In considering these factors, a district court must keep in mind the "strong congressional

3

policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." *United States v. Nixon*, 418 U.S. 683, 690 (1974). Indeed, the Fourth Circuit has observed that interlocutory review under § 1292(b) is an "extraordinary remedy" available only in "exceptional situations." *Fannin*, 1989 WL 42583 at * 2. The Supreme Court of the United States has described a district court's discretion to certify an appeal under § 1292(b) as "circumscribed" and to be used only for "orders deemed pivotal and debatable." *Swint v. Chambers County Comm'n*, 514 U.S. 35, 46 (1995). Because of this circumscribed authority, a court should certify an order for appeal only if the court concludes the issue satisfies all three requirements provided in § 1292(b). *Cooke-Bates v. Bayer Corp.*, Action No. 3:10-CV-261, 2010 WL 4789838, at *2 (E.D.Va. Nov. 16, 2010).

With regard to the first factor–whether the order involves a "controlling question of law"– the Fourth Circuit has stated: "Certainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or a practical matter, whichever way it goes." *Fannin*, 1989 WL 42583 at *2. Big Rock argues that the motion to certify must be denied because it will not dispose of the entire litigation. Namely, the litigation will continue as to its federal CFAA claim(which is based on the same nucleus of operative facts), and possibly the declaratory judgment claim. AcuSport, however, argues that the fact that Big Rock's federal claim will not be disposed of by a reversal of this court's choice-of-law analysis does not operate as a *per se* bar to interlocutory review. AcuSport contends that the fact that at least three of Big Rock's claims may be extinguished by a favorable decision by the Fourth Circuit will significantly narrow the scope of the litigation, and thus a "controlling question of law" is involved.

4

The court disagrees. Under AcuSport's interpretation of "controlling question of law," any question that may dispose of *some* claims in a case—while not affecting other claims, which are based on the same nucleus of operative fact–would constitute a controlling question of law. The court recognizes that AcuSport contends that a question may be controlling if an interlocutory reversal might save some time or expense for the litigants, but "that can be said of any interlocutory appeal." *Fannin*, 1989 WL 42583 at * 5. In the court's opinion, the order does not contain a question of law which "will be completely dispositive of the litigation as a legal or practical matter." As such, the court does not reach the second and third factors under § 1292(b). AcuSport's Motion to Certify Choice of Law Questions [DE-31] is DENIED, and its Motion to Stay [DE-31]is DENIED as moot.

### III. MOTION TO DISMISS DECLARATORY JUDGMENT CLAIM

In its Second Amended Complaint, Big Rock alleges, in pertinent part, the following

> 54. AcuSport has indicated an intent to assert claims against Big Rock via counterclaims in this action or otherwise.
> 55. An actual, substantial and justiciable controversy presently exists between Big Rock and AcuSport regarding whether Big Rock acted improperly in its hiring of former AcuSport employees, and specifically, whether Big Rock was involved in an alleged scheme by those employees to misappropriate information from AcuSport to gain unfair competitive advantage. This controversy is definite and concrete and touches on the legal relations of parties having adverse legal interests. Moreover, AcuSport's threats concerning the imminent filing of claims in this and other jurisdictions creates sufficient immediacy to warrant issuance of a declaratory judgment.

Second Amended Compl. [DE-28] ¶¶ 54-55. AcuSport asks the court to decline jurisdiction over this claim for declaratory judgment.

AcuSport has, earlier in this litigation, made a similar request. In its briefing in support of its Motion to Dismiss and in opposition to Big Rock's Motion for Leave to File the Second Amended Complaint, AcuSport asked the court to exercise its discretion and decline to adjudicate the declaratory

judgment claim asserted by Big Rock. Specifically, AcuSport argued that Big Rock's sole motivation for filing the declaratory judgment claim is to beat AcuSport to the courthouse and adjudicate the underlying dispute in Big Rock's preferred forum.

The court, in its May 3, 2010, Order, noted that the parties focused solely on the issue of procedural fencing, but that AcuSport did not indicate that another action was pending in any other court. The court concluded "it would be inequitable to dismiss the declaratory judgment action just because, hypothetically, AcuSport may seek legal relief against Big Rock. May 3, 2010 Order [DE-X] at p. 31. The court did remark in a footnote that "[i]n the event that AcuSport *does* file a separate legal action, the court would entertain another motion to dismiss by AcuSport." *Id.* at p. 31 n.5.

AcuSport, in response, has filed its Motion Dismiss and to Strike Count Seven [DE-33], arguing that it has filed an action in the state court of California directed towards Big Rock's alleged misappropriation of confidential and proprietary information, *AcuSport Corporation v. Jennene Renda, Michael Hinch, and John Does 1-10,* Case No. SCV23695, Superior Court, State of California, Placer County California. *See* Mem. in Support of Mot. to Dismiss, Ex. A [DE-34-1]. The California action, filed in November 2008, alleges sixteen claims against two former AcuSport employees, Jennene Renda and Michael Hinch, who worked for Big Rock following the end of their employment with Acusport. Generally, AcuSport alleges that Hinch and Renda misappropriated AcuSport's confidential business information and formulated a scheme to secure information from AcuSport for use in their later employment at Big Rock. The complaint in the California action also names John Does 1-10 as defendants. AcuSport asserts that Big Rock is one of the "John Doe" defendants. Specifically, AcuSport explains:

> Under California law, if a defendant's true identity is "unknown" at the time of filing,

6

> a plaintiff may name "John Doe" as a defendant. Once the identity is revealed or discovered, as a matter of right the plaintiff may substitute "John Doe" with the real name and the amended pleading relates back to the date of the original pleading. Even a person whose identity was known to the plaintiff when the action was filed may be brought in under section 474 as a 'Doe' defendant if the plaintiff was initially unaware of the person's true relationship to the injuries upon which the action was based. A plaintiff is considered "ignorant" within the meaning of the statute, even if it knew of the actual identity of the defendant sued by a fictitious name, if it is ignorant of the facts giving rise to a casue of action against the defendant.
>
> At the time it filed the Complaint in the California action, AcuSport was ignorant of the facts necessary to plead a cause of action against Big Rock in a meaningful way. AcuSport has served a subpoena on Big Rock in an effort to remedy AcuSport's ignorance and to acquire the information needed to add Big Rock as a named defendant. Accordingly, when AcuSport receives that information and substitutes Big Rock for a "John Doe" currently named in the California action, for all intents and purposes Big Rock will have been a defendant in that action since the Complaint was initially filed on November 26, 2008.

Mem. in Support of Mot. to Dismiss [DE-34] at pp. 10-11 (internal citations and quotations omitted). On the basis of the California lawsuit, AcuSport again urges the court to decline jurisdiction over the declaratory judgment claim.

## A. Additional Background

AcuSport represents that prior to the initiation of this action, Big Rock and AcuSport entered into an Agreement Regarding Disclosure of Information ("the Agreement") pursuant to which AcuSport agreed to investigate and report to Big Rock the veracity of Big Rock's allegations. *See* Mem. in Support of Mot. to Dismiss, Ex. C [DE-34-3]. The Agreement provides that "[a]ny Information disclosed by AcuSport to Big Rock pursuant to this Agreement may be used by Big Rock for the sole purpose of evaluating Big Rock's claims and not for any other purpose, including, but not limited to, use of the purpose of prosecuting any of Big Rock's claims." *Id.* ¶ 3. AcuSport asserts that pursuant to the Agreement, counsel and principals for the parties met in Raleigh, North Carolina in

7

October 2008, after the Complaint in this action was filed, and AcuSport disclosed to Big Rock that AcuSport's investigation uncovered misconduct of Big Rock and certain of its present and former employees. Aff. of Chris Chiafullo [DE-34-2] ¶ 2.

Later, on November 21, 2008, AcuSport's counsel sent a letter to Big Rock's counsel which explained in detail the misconduct that AcuSport allegedly had uncovered, and also requested a brief extension of time to respond to Big Rock's complaint pending Big Rock's consideration of AcuSport's settlement offer. *Id.* ¶ 3. According to Big Rock, the letter named six Big Rock employees, who formerly worked for AcuSport, who AcuSport alleged engaged in misappropriation, and stated that a complaint would be filed "imminently" in California against te two-California based employees. Aff. of Douglas Kenyon [DE-36-1] ¶ 8. Big Rock also contends that AcuSport's counsel represented that it would amend the complaint in the California action to include other defendants including Big Rock. *Id.* Big Rock asserts that AcuSport represented that lawsuits would be filed in other jurisdictions against other ex-employees and that Big Rock's role in each matter would be fleshed out as a matter of course. *Id.*

Big Rock asserts that it responded to AcuSport's letter on November 24, 2008, and consented to the requested extension of time provided AcuSport agreed not to commence any action against Big Rock *or* any of its employees in the interim. *Id.* at ¶ 9. AcuSport contends, however, that Big Rock stated it "would consent to a thirty-day extension solely on the condition that AcuSport agree not to commence any action against Big Rock until January 2, 2009." Aff. of Chris Chiafullo [DE-34-2] ¶ 4. AcuSport responded on November 25, 2008, and stated it was wiling to refrain from filing any action against Big Rock until January 2, 2009. Big Rock contends that AcuSport explicitly refused to refrain from filing any action against Big Rock employees.

8

Big Rock responded to AcuSport on November 26, 2008, and stated it consented to an extension of time. Big Rock informed AcuSport, however, that it had filed an Amended Complaint to assert a claim for declaratory relief in light of AcuSport's threat of litigation against Big Rock and a number of its employees.

**B. Standard of Review**

The parties dispute how the court should assess whether to hear the declaratory judgment claim. AcuSport argues it is a matter of the court's discretion. Big Rock, on the other hand, argues that this court has an "unflagging obligation" to exercise its jurisdiction and can only abstain if "exceptional circumstances" circumstances exist. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983). The court agrees with AcuSport as to the standard of review.

When a plaintiff brings a declaratory judgment claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, a district court enjoys discretion in deciding whether to assert jurisdiction over the claim or abstain from hearing it. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942); *see also* 28 U.S.C. § 2201(a)("[A]ny court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration.")(emphasis added). "The exercise of such discretion, however, is not without bounds." *Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.* 386 F.3d 581, 594 (2004). Indeed, the Fourth Circuit has enumerated several factors a court should consider when deciding whether to assert jurisdiction over a claim. These factors include (1) whether the relief sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the a judgment will terminate and afford relief from uncertainty and (3) whether

9

exercising jurisdiction over the declaratory judgment claim will result in piecemeal litigation. *See Aetna Cas. & Surety Co. v. Ind-Com Elec. Co.*, 139 F.3d 423-24 (4th Cir. 1998). Additionally, if a parallel or related proceeding is pending in state court, a district court "must weigh 'considerations of federalism, efficiency, and comity.'" *New Wellington Financial Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 297 (4th Cir. 2005).[1]

Relying on the Fourth Circuit's decisions in *Great American Insurance Company v. Gross*, 468 F.3d 199 (4th Cir. 2006) and *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457 (4th Cir. 2005), Big Rock contends that because this action includes non-declaratory judgment claims, this court does not have wide discretion to abstain as stated in *Brillhart/Wilton*, and instead the harsher *Colorado River* abstention standard applies. It is true that in *Chase Brexton*, the Fourth Circuit observed that "when a plaintiff seeks relief in addition to a declaratory judgment, such as damages or injunctive relief, both of which a court *must address*, then the entire benefit derived from exercising discretion not to grant declaratory relief is frustrated, and a stay would not save any judicial resources." 411 F.3d at 466. There, the court specifically found that "[t]he claims in this case for which declaratory relief

---

[1] In weighing the considerations of federalism, efficiency, and comity, a district court should consider the following four factors:

> (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state courts could resolve the issues more efficiently than the federal courts; (3) whether the presence of "overlapping issues of fact or law" might create unnecessary 'entanglement' between the state and federal courts; and (4) whether the federal action is mere 'procedural fencing' in the sense that the action is merely the product of forum shopping.

*United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998)(quoting *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 377 (4th Cir. 1994)).

10

is requested and those for which injunctive relief is requested are so closely intertwined that judicial economy counsels against dismissing the claims for declaratory relief while adjudicating the claims for injunctive relief. *Id.* at 466-67. The Fourth Circuit reiterated that sentiment in *Great American Insurance* and suggested that when presented with a "mixed complaint" that alleges both declaratory and non-declaratory claims, the more stringent *Colorado River* absention analysis applies. *Great American Insurance,* 468 F.3d at 211.

The instant case is distinguishable from both *Chase Brexton* and *Great American Insurance,* however, by the fact that the non-declaratory and declaratory claims are *not* "closely intertwined." The non-declaratory claims are all directed toward *AcuSport's* alleged misconduct. When faced with a similar situation, a court in the Middle District of North Carolina refused to apply the more stringent *Colorado River* abstention analysis, and instead analyzed a party's motion to dismiss or stay under the *Brillhart/Wilton* standard of review. *See Insteel Wire Prods. Co. v. Dywidag Sys. Int'l USA, Inc.,* No. 1:07-CV-641-F, 2010 WL 2471912 at *2-3 (M.D.N.C. June 15, 2010). The court explicitly found that there was no apparent overlap between the non-declaratory and declaratory claims, and "judicial economy would not require proceeding with the declaratory judgment claims simply because there are unrelated breach of contract claims (for completely separate contracts) properly before the Court." *Id.* at *5. Similarly, here, there is no apparent legal or factual overlap between the Big Rock's non-declaratory claims and it claim for declaratory judgment. The court, therefore, finds the *Colorado River* abstention analysis to be inapplicable to the instant motion.

## C. Analysis

Having determined that the *Colorado River* abstention analysis is inapplicable to the motion to dismiss, the court will assess whether the presence of the California action requires this court, in its

11

discretion, to dismiss the declaratory judgment claim.

The parties vigorously dispute whether, in exercising this discretion, the court should consider the California action to be a parallel state proceeding. Generally, a parallel state proceeding is "another suit involving the same parties and presenting opportunity for ventilation of the same state law issues" as the federal proceeding. *Wilton*, 515 U.S. at 283. Big Rock contends that the California action is not a parallel proceeding because it is not named as a defendant to it. AcuSport argues, however, that Big Rock is "as good as named" as a defendant in the California action.

The court cannot agree. If Big Rock is "as good as named" as a defendant in the California action, the court suspects AcuSport already would have moved to substitute Big Rock for one of the "John Doe" defendants. There is no indication before the court that AcuSport has done so. Although AcuSport contends that other courts have "disregarded procedural formalities" and deferred to state court proceedings where a declaratory judgment plaintiff was not a named defendant in the state court proceeding, the court finds the cases cited by AcuSport to be distinguishable. First, in *Forsythe Racing, Inc. v. Ortiz*, No. 83-C-7260, 1983 U.S. Dist. LEXIS 10344 (N.D. Ill. Dec. 29, 1983), the state court had allowed a motion to add the declaratory judgment plaintiff to the state court action. In other words, all the relevant parties were part of the state action at the time the district court was asked to dismiss or abstain from the declaratory judgment action. That is not the case here. In *Frontier Pacific Insurance v. Marathon Ashland Petroleum*, 87 F.Supp.2d 719 (S.D. Tex. 2000), the declaratory judgment defendant actually had moved for leave to file a third-party complaint against the declaratory judgment plaintiff in the state action. Although the state court had not yet ruled on the motion, the federal district court in *Frontier Pacific* apparently was of the opinion that it was a foregone conclusion that the motion for leave in the state action would be allowed. The court cannot make the

12

same inference here. Again, if AcuSport had at this time sufficient evidence to name Big Rock as a defendant to the California action, the court suspects it would have done so and would have notified this court of its action.

As the California action stands now–at least based on the information presented to the court–Big Rock is not a named defendant to the action, and therefore the California action does not involve the same parties as this case. *Wilton*, 515 U.S. at 283. Therefore, the California action is not a parallel proceeding.

This does not, however, end the court's analysis. The existence of an identical or substantially similar state action is not a dispositive factor in whether a court should exercise jurisdiction over a declaratory judgment claim. *Ind-Com Elec. Co.* 139 F.3d at 423.[2] Rather, it is a "significant factor" in a district court's determination. *Id.* A court should still balance the following factors: 1) whether the relief sought will serve a useful purpose in clarifying and settling the legal relations in issue; (2) whether the judgment will terminate and afford relief from uncertainty; (3) whether exercising jurisdiction over the declaratory judgment claim will result in piecemeal litigation and (4) the principles of federalism, efficiency, comity and procedural fencing. *Id.*

Balancing those factors, the court concludes that it will not exercise jurisdiction over Big Rock's declaratory judgment claim, primarily because to do so will result in piecemeal litigation, be inefficient, and have the potential for excessive entanglement between this court and the state court in the California action. Big Rock seeks the following relief in connection with its declaratory

---

[2] The court treated it as dispositive in its May 3, 2010, Order because AcuSport focused *solely* on the issue of "procedural fencing" in its opposition to the declaratory judgment claim. Without AcuSport pointing to another action against Big Rock, it was difficult for the court to concern how Big Rock engaged in procedural fencing by filing a declaratory judgment in response to the threat of litigation in multiple jurisdictions.

13

judgment claim: "That Big Rock be found not to have engaged in a scheme, either acting alone or in conjunction with AcuSport's former employees, to misappropriate information from AcuSport for the purpose of gaining unfair competitive advantage." Second Amended Compl. [DE-28], Prayer for Relief ¶ 7. It is undisputed that at least two people whom AcuSport claims to be a part of the alleged scheme are not parties to this action, but are named defendants in the California action. Thus, if this court were to retain jurisdiction over the declaratory judgment claim, it would be adjudicating, in part, the existence of any alleged scheme at the same time the California state court will be adjudicating whether a scheme exists. Regardless of what conclusion this court reaches, the California state court will have to reach its own conclusions on the existence of the scheme (and potentially the parties to it), and thus, exercising jurisdiction over this claim will result in piecemeal litigation. Moreover, AcuSport already has propounded on Big Rock non-party discovery in an effort to determine whether it will be added as a defendant to the California action. Engaging in repeat discovery and litigation in this action will be inefficient. Given the likelihood of piecemeal litigation, the potential for inconsistent factual findings and inefficiency, the court, in its discretion, declines to exercise jurisdiction over Big Rock's declaratory judgment claim. Count Seven of the Second Amended Complaint is DISMISSED.

## IV. MOTION TO STRIKE

AcuSport also moves, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, to strike Count Seven of the Second Amended Complaint. Because the court has dismissed this count, the Motion to Strike is DENIED as moot.

## V. MOTION TO STAY

AcuSport moves to stay the entire action pending the resolution of its motion to dismiss and/or

the outcome of any interlocutory appeal. The court has denied AcuSport's motion for certification for interlocutory appeal, and the Motion for Stay is therefore DENIED as moot.

## VI. REMAINING MOTIONS

The parties remaining motions center on discovery and the course of this litigation.

### A. Background

On July 1, 2010, Big Rock filed a Rule 26(f) Report [DE-50]. Two weeks later, on July 14, 2010, AcuSport filed its response to the Report, arguing that any further Rule 26(f) proceedings be deferred pending the resolution of its motion to dismiss and motion for interlocutory appeal.

United States Magistrate Judge William A. Webb, in an order filed on July 16, 2010 [DE-53], ordered that no scheduling order would be entered, but that the parties must submit a new proposed discovery plan no later than 14 days after AcuSport's motion to stay is denied or the requested stay is lifted.

### B. Motion for a Rule 16 Conference

Big Rock moves pursuant to Rule 16 for a pretrial status conference in this action in an effort to move the case forward as expeditiously as possible. In light of the court's rulings in this order, and that Judge Webb will shortly rule on a Scheduling Order in this case, Big Rock's motion is DENIED without prejudice.

### C. Motion for Modification of Discovery Sequence

AcuSport moves, pursuant to Rule 26(d), for an order requiring that "(1) Big Rock identify its alleged trade secret(s) with sufficient particularity and specificity through a "Trade Secret Statement" or similar written disclosure for attorneys' eyes only; and (2) upon such identification and disclosure by Big Rock satisfactory to the Court, AcuSport must then respond to any discovery concerning

15

AcuSport's confidential information and alleged trade secrets under a similar attorneys' eyes only protection." Mot. for Mod. of Discovery Sequence [DE-41]. This motion is referred to Magistrate Judge Webb pursuant to 28 U.S.C. § 636(b)(1). For purposes of ruling on the motion for modification of discovery sequence, AcuSport's Motion for Leave to File Instanter Reply Memoranda [DE-52] is ALLOWED, and the Clerk of Court is DIRECTED to docket AcuSport's Reply [DE-52-1].[3]

## VII. CONCLUSION

For the foregoing reasons, it hereby is ORDERED that:

(1) AcuSport's Motion to Certify Choice of Law Questions [DE-31] is DENIED, and its Motion to Stay [DE-31]is DENIED as moot;

(2) AcuSport's Motion to Dismiss Count Seven [DE-33] is ALLOWED and its Motion to Strike [DE-33] is DENIED as moot;

(3) Big Rock's Motion for Rule 16 Conference [DE-38] is DENIED without prejudice;

(4) AcuSport's Motion to Stay [DE-43] is DENIED as moot;

(5) AcuSport's Motion for Modification of Discovery Sequence [DE-41] is REFERRED to Magistrate Judge Webb, and

(6) AcuSport's Motion for Leave to File [DE-52] is ALLOWED as to its proposed Reply [DE-52-1] and the Clerk of Court is DIRECTED to docket the same.

SO ORDERED. This the 9th day of February, 2011.

James C. Fox
James C. Fox
Senior United States District Judge

---

[3] To the extent AcuSport's Motion for Leave [DE-52] applies to the Reply [DE-52-2] in support of the motion to stay, it is DENIED as moot.