UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:08-CV-00159-F

| | |
|---|---|
| BIG ROCK SPORTS, LLC, ) <br> A Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> ACUSPORT CORPORATION, ) <br> An Ohio Corporation, ) <br> ) <br> Defendant. ) <br> ) | **ORDER** |

This Cause comes before the Court upon Defendant's "Motion for Modification of Discovery Sequence" [DE-41], referred to the undersigned February 9, 2011. For the reasons stated herein, the motion is denied.

Plaintiff and Defendant are business competitors marketing firearms and related outdoor recreational products. In its second amended complaint, Plaintiff alleges Defendant "engaged in the systematic and unauthorized access of [Plaintiff's] secure customer and vendor website to obtain and use competitively sensitive information contained therein to affect the prices and terms of its dealings with [Plaintiff's] customers and vendors and to engage in other unlawful practices designed to suppress and eliminate competition." [DE-28, p.1]. The complaint sets forth various causes of action against Defendant, including a claim for misappropriation of trade secrets.

The parties have not yet engaged in discovery. A discovery plan is due by February 23, 2011. [DE-55]. Defendant now moves, purportedly pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, for an order requiring that "(1) [Plaintiff] identify its alleged trade secret(s)

with sufficient particularity and specificity through a 'Trade Secret Statement' or similar written disclosure for attorneys' eyes only; and (2) upon such identification and disclosure by [Plaintiff] satisfactory to the Court, [Defendant] must then respond to any discovery concerning [Defendant's] confidential information and alleged trade secrets under a similar attorneys' eyes only protection." [DE-41].

Rule 26(d) permits the court to sequence discovery for the convenience of the parties and in the interests of justice. Fed. R. Civ. P. 26(d). As a general matter, a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). The Rule 26 conference allows the parties to develop a proposed discovery plan, in which the parties may state their positions on how discovery should be conducted. *See* Fed. R. Civ. P. 26(f). The parties may also seek a protective order to ensure that confidential commercial information or trade secrets "not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

In the instant case, the parties have not conducted their Rule 26 conference nor have they submitted a joint proposed discovery plan.[1] Any attempt by Defendant to sequence or gain discovery regarding Plaintiff's trade secrets, prior to the Rule 26 conference, is therefore premature. The parties should first confer and attempt to resolve any concerns regarding discovery in their discussions regarding their proposed discovery plan. The parties may later seek a protective order should they believe it necessary to protect the integrity of any confidential business information. Counsel are reminded of their obligations pursuant to Rule 1 of the Federal Rules of Civil Procedure to promote the just, speedy, and inexpensive determination of this matter.

For the foregoing reasons, Defendant's "Motion for Modification of Discovery Sequence"

---

1 Plaintiff has submitted a proposed discovery plan, which it asks this Court to adopt, but that matter has not been referred to the undersigned.

[DE-41] is DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, February 17, 2011.

WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE