UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:08-CV-00159-F

| | |
|---|---|
| BIG ROCK SPORTS, LLC, ) | |
| A Delaware Corporation, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ACUSPORT CORPORATION, ) | |
| An Ohio Corporation, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

This Cause comes before the Court upon Plaintiff's motion to seal Defendant's answer and counterclaim [DE-64], referred to the undersigned March 4, 2011. Defendant opposes the motion to seal. [DE-65]. Plaintiff has responded [DE-69] and the matter is accordingly ripe for adjudication. For the reasons stated herein, the motion is denied.

Plaintiff contends Defendant's answer and counterclaim [DE-61] should be sealed because it discloses confidential business information obtained pursuant to a subpoena in a lawsuit brought by Defendant in California state court against two of Plaintiff's former employees. Plaintiff asserts disclosure of the confidential business information violates the terms of a protective order entered in the California action. There is no protective order in place in the instant federal case. Plaintiff does not identify the purported confidential business information, nor is the confidential nature of the business information facially apparent.

In <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978), the Supreme Court recognized a common law right to inspect and copy judicial records and documents. Although

the right of access to court records is not absolute, the presumption favoring the public's right of access must be outweighed by competing interests before the court will seal a document. In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984). When a district court considers entering a confidentiality order, it must first give the public notice and a reasonable opportunity to challenge the sealing order. Id. at 235; see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988) (extending application of the Knight requirements to civil cases). The court must also consider less drastic alternatives to sealing and, if it does enter a sealing order, it must provide "reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." In re Knight Publ'g Co., 743 F.2d at 235.

Here, Plaintiff fails to identify the confidential business information or otherwise state good cause to support its motion to seal. The protective order entered in the state action in California between Defendant and third parties has no bearing on the instant federal case. Should Plaintiff believe it necessary, it is free to seek a protective order in this case to ensure that confidential commercial information or trade secrets "not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G).

For the foregoing reasons, Plaintiff's motion to seal [DE-64] is DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, March 9, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE