UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:08-CV-00159-F

| | | |
|---|---|---|
| BIG ROCK SPORTS, LLC, | ) | |
| A Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ACUSPORT CORPORATION, | ) | |
| An Ohio Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Cause comes before the Court upon Defendant's "Renewed Motion for Modification of Discovery Sequence" (DE-58), which Plaintiff opposes (DE-66). Also before the Court is Plaintiff's motion to seal (DE-68) its Trade Secrets Disclosure Statement (DE-67), filed as Exhibit C to Plaintiff's response (DE-66) in opposition to Defendant's renewed motion for modification of discovery sequence, which Plaintiff seeks to supplement (DE-78). Defendant's renewed motion for modification of discovery sequence (DE-58), along with Plaintiff's motions to seal (DE-68) and supplement (DE-78), were referred to the undersigned March 30, 2011. For the reasons stated herein, Plaintiff's motion to seal is granted. The renewed motion for modification of discovery sequence and the motion to supplement are denied as moot.

### Renewed Motion for Modification of Discovery Sequence

This case includes claims for alleged misappropriations of trade secrets. Defendant contends Plaintiff must disclose its alleged trade secrets with specificity and particularity before commencing discovery on this issue. The Court denied Defendant's first motion for modification

of discovery sequence as premature, as the parties had not yet held a Rule 26 conference or submitted a proposed discovery plan. (DE-57). The parties have since submitted their discovery plan, and the Court has entered a scheduling order. (DE-62). Plaintiff has also filed an exhibit entitled "Trade Secrets Disclosure Statement" (DE-67), which it asks the Court to seal. The trade secrets disclosure statement identifies with particularity the trade secrets Plaintiff alleges are at issue in this case. As Defendant now possesses the information it claims it required to productively engage in discovery, the motion for modification of discovery is denied as moot.

**Motion to Supplement**

By its motion, Plaintiff seeks to supplement its opposition to Defendant's renewed motion for modification of the discovery sequence with evidence previously unavailable. Specifically, Plaintiff seeks to add as exhibits to its response the interrogatories and requests for production served by Defendant on March 9, 2011, which, Plaintiff contends, demonstrate that the modification of discovery sought by Defendant is unnecessary. However, as Defendant's motion for modification is denied, Plaintiff's motion to supplement its opposition thereto is unnecessary and is therefore denied as moot.

**Motion to Seal**

Plaintiff also asks the Court to seal its "Trade Secrets Disclosure Statement" (DE-67) because it contains confidential business information and trade secrets. "[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Id. at 598. For example, the public's right of inspection has

bowed before the power of a court to insure that its records are not used as "sources of business information that might harm a litigant's competitive standing." *Id.*

In determining whether records should be sealed, this Court must follow the procedure established by the Fourth Circuit in In re Knight Publ'g Co., 743 F.2d 231 (4th Cir. 1984). First, the court must provide public notice of the request to seal and allow interested parties a reasonable opportunity to object. *Id.* at 235-36. Second, the court considers less drastic alternatives, such as redaction of any sensitive material. *Id.* If the court determines that public access should be denied, then the court must provide specific reasons and factual findings supporting the decision to seal the documents. *Id.*

In this case, the public has been provided with notice and an opportunity to object to Plaintiff's motion. Plaintiff filed its motion on March 3, 2011, and it has been accessible to the public on the Court's computerized case management and case filing system since that time. *See* Knight, 743 F.2d at 235 (notice sufficient where motion docketed reasonably in advance of its disposition). Moreover, Defendant does not oppose the motion. Plaintiff has demonstrated that the document in question contains confidential commercial information, including information relating to alleged trade secrets and other proprietary business information. The presumption of access is thereby overcome, and the motion to seal is therefore granted.

**Conclusion**

For the foregoing reasons, Defendant's "Renewed Motion for Modification of Discovery Sequence" (DE-58) is DENIED. Plaintiff's Motion to Seal (DE-68) is GRANTED. It is therefore ORDERED that Plaintiff's "Trade Secrets Disclosure Statement" (DE-67) be sealed. Plaintiff's "Motion to Supplement its Opposition to Acusport Corporation's Renewed Motion for

Modification of Discovery Sequence" (DE-78) is DENIED.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, March 31, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE