| | |
|---|---|
| BIG ROCK SPORTS, LLC, ) <br> A Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> v. )     **ORDER** <br> ) <br> ACUSPORT CORPORATION, ) <br> An Ohio Corporation, ) <br> ) <br> Defendant. ) <br> ) | |

This Cause comes before the Court upon the following motions filed by Plaintiff and Defendant and referred to the undersigned: Plaintiff's (1) "Motion for Second Protective Order" [DE-109] and (2) "Motion to Strike AcuSport Corporation's First Amended Answer to Second Amended Complaint" [DE-111]; and Defendant's (3) "Motion for Reconsideration" [DE-107], (4) "Motion to Compel Discovery Relevant to Big Rock's Claim and AcuSport's Defenses" [DE-113], and (5) "Motion to Compel Discovery Relevant to AcuSport's Counterclaims" [DE-115]. The parties have filed memoranda in support and in opposition to the various motions, a hearing on the motions was held June 3, 2011, and the matters are accordingly ripe for review. Additionally, upon request by the Court, the parties have submitted joint status reports narrowing and updating their current positions as to some of the issues raised in the motions. [DE-137, DE-135]. For the reasons stated herein, the motions for a second protective order, to strike, and for reconsideration are denied. The motions to compel are granted in part and denied without prejudice in part. The motions are discussed separately below.

## I. Motions by Plaintiff Big Rock

### A. Motion for Second Protective Order, DE-109

Plaintiff Big Rock seeks a second protective order in relation to its pending motion for sanctions in superior court, Carteret County. As has been detailed in previous orders, Defendant AcuSport brought an action in California state court against two of Big Rock's former employees. AcuSport then served subpoenas on Big Rock in North Carolina in connection with the California state court action. Big Rock resisted the subpoenas on the grounds they sought confidential business information. Big Rock and AcuSport eventually entered into a stipulated protective order regarding the confidential information produced for the California state litigation. The superior court in Carteret County, North Carolina, entered the protective order. [DE-64-1].

Big Rock then brought the instant lawsuit against AcuSport in federal court. Big Rock also filed a motion for sanctions against AcuSport in superior court, Carteret County, for alleged violation of the protective order. [DE-69-1]. Big Rock contends AcuSport improperly used the confidential information it gained through the subpoenas to formulate its counterclaims in this case, in violation of the protective order. Big Rock's motion for sanctions has been heard in superior court, Carteret County, and a decision is currently pending in that court. [DE-124, p.1].

AcuSport is now seeking discovery of documents Big Rock produced for purposes of the California state litigation. As a result, Big Rock requests the Court enter a second protective order specifying that its responses to AcuSport's discovery are subject to the following condition:

> Big Rock's production of documents and other information responsive to discovery requests in this action, as well as its production in this action of documents produced in response to the subpoena issued against Big Rock by the Superior Court of Carteret County at the request of AcuSport, in no way waives any of Big Rock's arguments and claims with respect to its Motion to Sanction AcuSport for Violating the Protective Order entered by the Superior Court of Carteret County,

and otherwise does not waive or prejudice any argument or claim by Big Rock that AcuSport's counterclaims violate that Protective Order and are otherwise improper, or affect the relief that Big Rock may be entitled to in the event AcuSport is found to have violated the Protective Order, including requiring AcuSport to return all copies of the documents regarding its counterclaims. Further, AcuSport is prohibited from claiming or arguing that Big Rock's production of documents and other information in this action constitutes such a waiver, or otherwise using such production as grounds to oppose any motion by Big Rock concerning the Protective Order. Further, this condition does not waive or prejudice in any way AcuSport's position about its counterclaims or otherwise constitute agreement with Big Rock's position that the counterclaims violate the Protective Order.

The undersigned notes that this Court has already entered one protective order adopting Big Rock's proposed terms. Big Rock is now essentially asking this Court to enjoin AcuSport from making arguments in a separate case as a precondition to Big Rock's discovery production in the instant case. Notably, Big Rock agrees that the documents it produced in relation to the California state litigation are discoverable in the instant action. [DE-83, p.5]. Big Rock is therefore ordered to produce these documents. The motion for a second protective order is denied.

### B. Motion to Strike Amended Answer to Complaint, DE-111

Big Rock states in its joint status report that it withdraws its motion to strike AcuSport's amended answer. [DE-135, p.2]. The motion to strike is therefore denied.

### II. Motions by AcuSport

### A. Motion for Reconsideration, DE-107

In its initial motion for reconsideration, AcuSport requested the Court reconsider its order adopting Big Rock's protective order, which prevents attorney of record Christopher Chiafullo from viewing confidential information produced in this litigation. Since the filing of that motion, however, "[t]he parties have agreed that Mr. Chiafullo can have access to any documents that AcuSport generated or had generated that may be included in Big Rock's production, regardless of

their confidentiality designation." [DE-137, p.1]. AcuSport nevertheless requests that the Court enter a proposed amended protective order to assist in enforcing the parties' agreement regarding Mr. Chiafullo's access to documents. The undersigned informed the parties at the hearing that unless the parties agreed to the terms of an amended protective order, such a request would be denied. Big Rock does not agree to AcuSport's proposed amended protective order. Therefore, the request for an amended protective order, as well as the motion for reconsideration, are denied.

**B. <u>Motions to Compel, DE-113, DE-115</u>**

Insofar as the motions to compel seek material produced in connection with the California state litigation, the motions to compel are granted, and Big Rock is ordered to immediately produce such documents. In response to the undersigned's request that the parties provide a timetable for the production of documents responsive to all other outstanding document requests, the parties in their joint status report agree to make good faith efforts to begin producing on a rolling basis all documents and materials that did not result from the key word searches agreed to by the parties no later than June 24, 2011. [DE-137, p.3]. This includes the documents to be produced by Big Rock in response to requests regarding the investigation undertaken by Big Rock relevant to the CFAA jurisdictional threshold. Big Rock has agreed to supplement its corresponding responses to AcuSport's Interrogatory Nos. 6 and 12 by the June 24th date. The parties further agree to make good faith efforts to make a rolling production of all documents and materials resulting from the key word searches agreed to by the parties that will be complete no later than August 1, 2011. AcuSport reports it is in the process of providing to Big Rock additional proposals relating to the categories of information and level of generality that would be responsive to its Interrogatory No. 4. In light of the parties' assertions that they are making good faith efforts to comply with production requests by the above-specified deadlines, the motions to compel are denied without

prejudice. An award of attorneys' fees is therefore inappropriate at this time.

### III. Conclusion

For the foregoing reasons, Plaintiff's "Motion for Second Protective Order" [DE-109] and "Motion to Strike AcuSport Corporation's First Amended Answer to Second Amended Complaint" [DE-111] are DENIED. Defendant's "Motion for Reconsideration" [DE-107] is likewise DENIED. Defendant's "Motion to Compel Discovery Relevant to Big Rock's Claim and AcuSport's Defenses" [DE-113] and "Motion to Compel Discovery Relevant to AcuSport's Counterclaims" [DE-115] are GRANTED IN PART in relation to the documents produced in the California state litigation. Defendant's motions to compel are otherwise DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Tuesday, June 14, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE