UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO: 4:08-CV-00159-F

BIG ROCK SPORTS, LLC, )
a Delaware Corporation, )
 )
               Plaintiff, )
v. ) **ORDER**
 )
ACUSPORT CORPORATION, )
an Ohio Corporation, )
 )
               Defendant. )
 )

This cause comes before the court upon the following motions referred to the undersigned:

**DE-147**    AcuSport's Motion to Compel

**DE-150**    AcuSport's Motion for Leave to File in Paper Form

**DE-158**    Big Rock's Motion to Compel

**DE-161**    Big Rock's Motion to Seal Docket Entry 159

**DE-162**    AcuSport's Motion to Seal Docket Entry 159

**DE-166**    AcuSport's Motion to Seal Docket Entry 165

The parties have filed responses and the matters are therefore ripe for adjudication. For the reasons stated herein, AcuSport's motion to compel and motion for leave to file in paper form (DE-147, DE-150) are denied as moot. Big Rock's motion to compel (DE-158) is granted in part and denied as moot in part. The motions to seal (DE-161, DE-162, DE-166) are granted.

**I.**    **AcuSport's Motions, DE-147, DE-150**

**A. Motion to Compel Documents Responsive to Request for Production No. 39**

AcuSport seeks to compel documents responsive to its request for production no. 39.

(DE-147). Although Big Rock has already produced documents responsive to the request and has informed AcuSport that it possesses no further documents, AcuSport asserts Big Rock is being untruthful in its responses, an accusation Big Rock predictably denies. However, the court need not wade into the legal morass of the parties' latest mutual denunciations. Document request no. 39 only "relat[es] to evidence relevant to AcuSport's counterclaims." [DE-149, p.3]. On September 26, 2011, Judge Fox dismissed with prejudice AcuSport's counterclaims against Big Rock. (DE-169). As a result, AcuSport no longer needs documents relevant to its counterclaims. The motion to compel (DE-147) is therefore denied as moot.

### B. Motion for Leave to File in Paper Form Docket Entry No. 149

AcuSport requests permission to file docket entry no. 149 in paper form rather than through the court's electronic filing system. (DE-150). Docket entry no. 149 is AcuSport's memorandum of law filed in support of its motion to compel, along with the attached exhibits. As the motion to compel has been denied as moot, however, this corresponding motion to file the memorandum in support of the motion to compel in paper form is equally moot and is likewise denied.

### II. Big Rock's Motion to Compel, DE-158

Big Rock seeks to compel responses to its interrogatory nos. 14, 18, and 19. (DE-158). Interrogatory nos. 18 and 19 relate to Big Rock's defense of AcuSport's counterclaims. Given the dismissal with prejudice of AcuSport's counterclaims, Big Rock no longer needs the information sought through interrogatory nos. 18 and 19. Insofar as the motion to compel seeks responses to interrogatory nos. 18 and 19, it is denied as moot. This leaves only the motion to compel a response to interrogatory no. 14.

Interrogatory no. 14 asks AcuSport to

> [i]dentify each and every Third Party for which AcuSport has obtained a password or log-in information it could use to access the Third Party's secure website or any other secure or password-protected portion of the Third Party's computer system, and how AcuSport obtained those passwords, including the identity of the customers, vendors, and dealers that provided any such password or log-information to AcuSport.

(DE-158-1, p.1).

AcuSport objects to interrogatory no. 14 as overly broad and unduly burdensome. It further asserts that the information sought by interrogatory no. 14 is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

During discovery, relevance is broadly construed "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund. Inc. v. Sanders, 437 U.S. 340, 351 (1978) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)); *see also* Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 402 (4th Cir. 2003) (stating that discovery under the Federal Rules "is broad in scope and freely permitted"). The party resisting discovery bears the burden of showing why it should not be granted. Specifically, the movant must make a particularized showing of why discovery should be denied, and conclusory or generalized statements fail to satisfy this burden as a matter of law. *See* Carefirst of Md., Inc., 334 F.3d at 402-03; *see also* Jones v. Circle K Stores, Inc., 185 F.R.D. 223, 224 (M.D.N.C. 1999).

In the instant case, Big Rock has sued AcuSport under the federal Computer Fraud and Abuse Act ("CFAA"), alleging that AcuSport gained unauthorized access to Big Rock's computer system and the confidential data stored electronically therein. During his deposition, the president and chief operating officer of AcuSport, Jim Broering, testified that AcuSport accessed the secure websites of not only Big Rock, but several of its competitors, using passwords given to AcuSport by its retailers. (DE-159-1, pp.80-92). AcuSport then analyzed the data it collected from its

competitors' websites to inform its own pricing and sales decisions. Big Rock contends that the information sought through interrogatory no. 14 is relevant because it "goes directly to AcuSport's defense that its access of Big Rock's Website was no big deal because AcuSport's customers routinely gave it passwords to access competitors' websites." (DE-159, pp.3-4). Big Rock argues it is entitled to test whether AcuSport's access of Big Rock's website was "part and parcel of a larger plan to compile commercially sensitive information regarding its competitors." (*Id.* at p.4). AcuSport contends that the information sought is merely a "fishing expedition" on Big Rock's part and that Big Rock is "without standing to take discovery on behalf of, and assert, the purported rights" of third parties. (DE-164, p.3).

The undersigned agrees with Big Rock that the information sought by interrogatory no. 14 is relevant to Big Rock's claims. Whether AcuSport routinely accessed the secure websites of its competitors and the method by which it obtained such access clearly relates to AcuSport's intent in accessing Big Rock's website and its defense to Big Rock's claims under the CFAA. Big Rock's motion to compel AcuSport's response to interrogatory no. 14 (DE-158) is therefore granted. Pursuant to Rule 37(a)(5)(a) of the Federal Rules of Civil Procedure, Big Rock has requested an award of reasonable attorneys' fees and costs incurred in bringing its motion to compel. That request is also granted. Within ten days from the entry of this order, Big Rock should submit proof of its expenses and reasonable attorneys' fees apportioned to the motion to compel a response to interrogatory no. 14. AcuSport shall then have ten days to respond. An order awarding costs and reasonable attorneys' fees will follow.

### III.     Motions to Seal, DE-161, 162, 166

Big Rock and AcuSport both ask the court to seal docket entry number 159, which is Big Rock's memorandum of law and attached exhibit in support of its motion to compel. The

memorandum cites and quotes testimony designated "confidential-attorneys eyes only" pursuant to the protective order entered in this case. [DE-101-1]. The exhibit attached to docket entry no. 159 is also designated "confidential-attorneys eyes only" and contains confidential business information. AcuSport further seeks to seal docket entry no. 165 (Exhibit C, filed in support of AcuSport's memorandum opposing Big Rock's motion to compel) on the same ground. For good cause shown, these motions to seal (DE-161, DE-162, DE-166) are granted.

### IV.     Conclusion

For the foregoing reasons, AcuSport's motion to compel (DE-147) and motion for leave to file in paper form (DE-150) are DENIED as moot. Big Rock's motion to compel (DE-158) is GRANTED with respect to interrogatory no. 14 but DENIED with respect to interrogatory nos. 18 and 19. Big Rock's request for reasonable attorneys' fees and expenses associated with its motion to compel is GRANTED. Within ten days of entry of this order, Big Rock should submit evidence of its expenses and the reasonable attorneys' fees incurred with the portion of its motion to compel regarding a response to interrogatory no. 14. AcuSport shall have ten days to respond. An order awarding costs and attorneys' fees will follow. The motions to seal (DE-161, DE-162, DE-166) are GRANTED. The Clerk of Court is DIRECTED to maintain DE-159 (with the attached Exhibit C) and DE-165 under seal.

DONE AND ORDERED in Chambers at Raleigh, North Carolina on Thursday, October 6, 2011.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE